## SHAFFER v SHAFFER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1685. Decided Nov 1, 1941

Ralph M. Stutz, Dayton, for defendant-appellee, for the motion.

Matthias H. Heck, Dayton, for plaintiff-appellant, contra the motion.

## OPINION

BY THE COURT:

Submitted on motion of defendant-appellee to dismiss the appeal for the reason that the same was not perfected according to law as provided for an appeal on the final order discharging an attachment, and for the further reason that plaintiff-appellant took no exceptions to the final order appealed from.

It is the claim of the mover that the bond in this case, which is in the nominal sum of $100.00, is not in conformity to §11866 GC which provides that upon an appeal from an order discharging an order of attachment,

"The party who appeals must give a bond to the adverse party, with surety to be approved by the clerk of the court of appeals, in double the amount of the appraised value of the property attached, conditioned to pay such adverse party all damages sustained by him in consequence of filing such appeal in the event of the discharge of the order of attachment by the court in which it is filed, because the order was wrongfully obtained."

The money attached was funds on deposit in excess of $600.00 in a bank. A cursory examination of the transcript of docket and journal entries discloses that the trial judge found that the defendant was not a resident of the state of Ohio. Sec. 11821 GC provides, among other things, that when the ground of

the attachment is that the defendant is not a resident of this state, the order may be issued without a bond. So that, for the purposes of this motion we must assume that the court was authorized to issue the order of attachment without bond. No bond being required, it is obvious that the terms of §11866 GC, that the bond be given in double the amount of the appraised value of the property erty attached, could not be given meaning and effect and the other provisions for bond on appeal must be brought into play.

Sec. 12223-14 GC providing for conditions of a supersedeas bond states that it shall be payable to the adverse party as may be directed by the court and subject to the condition to the effect that the party appealing shall abide and perform the order and judgment of the appellate court and pay all money, costs and damages which may be required of or awarded against him on the final determination of said appeal and such other conditions as the court may provide, etc.

The bond given is in conformity to §12223-14 GC, and in the sum of $100, which was the amount fixed by the trial judge. The bond, as given, is, upon the face of the record, regular and appropriate as against the motion to dismiss the appeal. At this juncture we must assume that the trial judge, in fixing a bond, acted with authority and jurisdiction and upon procedural question there is nothing to indicate that the court failed to observe the statutory requirement.

We are not passing upon the merits of this appeal and it may be that the question now urged by the appellee as a basis for the motion to dismiss could be effectively interposed to support the action of the trial judge in dismissing the attachment.

The second ground of the motion that appellant took no exceptions to the order appealed from is not well taken in view of the present provisions of §11560 GC to the effect that,

"An exception shall not be necessary, at any stage or step of the case or matter, to lay a foundation for review whenever a matter has been called to the attention of the court by objection, motion or otherwise and the court has ruled thereon."

The motion to dismiss the appeal will be overruled.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.